UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TAYELL LEFTRIDGE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:18-CV-66-JEM |
| | ) | |
| SPEEDWAY LLC, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Speedway's Motion to Exclude Testimony from Plaintiff's Expert H. Richard Hicks, P.E. [DE 26], filed by Defendant on August 23, 2019. Defendant seeks to exclude portions of the testimony of Plaintiff's expert, H. Richard Hicks. Plaintiff filed a belated response on September 19, 2019, *see* N.D. Ind. L.R. 7-1(d)(3), and on September 26, 2019, Defendant filed a reply.

**I.      Background**

Plaintiff Tayell Leftridge filed her Complaint on February 21, 2017, in state court, alleging that Defendant Speedway is liable for injuries she suffered when she slipped and fell on a wet floor at one of their stores in Hobart, Indiana. The case was removed to this Court on February 15, 2018, on the basis of diversity jurisdiction.

Plaintiff designated H. Richard Hicks, a professional engineer, as an expert witness. He investigated the incident and prepared a report detailing his findings. Defendant now seeks to have much of his testimony excluded from presentation at trial.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**II.     Analysis**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the standards set forth by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). Rule 702 provides that courts should admit expert testimony if

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702 (emphasis added).

Defendant contends that Hicks's opinion will not assist the trier of fact in this case because the subject of his testimony, the idea that a wet floor may present a slipping hazard, is within the understanding of the average juror, and the concepts of mopping safety are common sense. It argues that Hicks's opinions do not come from specialized knowledge, but merely from the common understanding that a floor may be slippery when wet, and that slippery floors may present a fall hazard. Defendant argues that the testimony therefore will not help the jury understand the evidence or determine any of the relevant facts. Plaintiff argues that Hicks will testify as to more than just the idea that a wet floor may cause someone to slip.

In order to be relevant, the expert testimony must "assist the trier of fact with its analysis of any of the issues involved in the case," *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000), and reveal something more than "what is obvious to the lay person," *Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 871 (7th Cir. 2001) (quoting *Ancho v. Pentek Corp.*, 157 F.3d 512, 519 (7th Cir. 1998) (internal quotation marks omitted)). "This 'fit' analysis essentially represents

an inquiry similar to if not indistinguishable from the basic evidentiary inquiries into whether evidence is relevant and, if so, whether its probative value is nonetheless substantially outweighed by, among others, the danger of unfair prejudice and jury confusion." *Rogers v. Quality Carriers, Inc.*, No. 4:15-CV-22, 2017 WL 2960264, at *2 (N.D. Ind. July 11, 2017) (citing *Daubert*, 509 U.S. at 595; *Ayers v. Robinson*, 887 F. Supp. 1049, 1058-59 (N.D. Ill. 1995)); *see also United States v. Hall*, 93 F.3d 1337, 1343 (7th Cir. 1996) ("Unless the expertise adds something, the expert at best is offering a gratuitous opinion, and at worst is exerting undue influence on the jury that would be subject to control under [Federal Rule of Evidence] 403."); *Amakua Dev. LLC v. Warner*, No. 05 C 3082, 2007 WL 2028186, at *6 (N.D. Ill. July 10, 2007) (citing *Taylor v. Ill. Cent. R.R. Co.*, 8 F.3d 584, 586 (7th Cir. 1993) ("Expert testimony does not assist the trier of fact when the jury is able to evaluate the same evidence and is capable of drawing its own conclusions without the introduction of a proffered expert's testimony."). In addition, "expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible." *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003) (citing *United States v. Sinclair*, 74 F.3d 753, 757 n. 1 (7th Cir.1996).)

Defendant argues that most of Hicks's testimony does not come from specialized expertise since it is within the realm of common sense and therefore will not assist the jury. Plaintiff argues that Hicks will testify as to more than just that a floor can become wet from mopping, but will address the failure to put drying equipment or signage in the area before mopping, the contribution of employees' actions to the creation of the dangerous conditions, different steps employees could have taken to avoid creating the dangerous condition, failure to adhere to fundamental concepts of safety, and violation of Speedway's own safety requirements. Defendant argues that Hicks cannot

3

be permitted to offer opinions on whether Defendant satisfied the legal standard of reasonable care or whether the actions of its employee(s) created a dangerous condition, since these are case-determinative legal issues.

In this case, there are no complex scientific or technical matters requiring the explanation of an expert, and the jury does not need assistance in understanding that floors can become wet through mopping and that wet floors can be slippery, nor that stores have a responsibility to take precautions regarding the safety of their patrons. However, Hicks's report also addresses industry standards for slip and fall prevention measures and guidance to commercial establishments on how to limit risk to customers. Expert testimony regarding the standard of care in the industry is useful for assisting the jury in understanding how businesses should deal with issues such as mopping and wet floors. Hicks's testimony about the conditions in the Speedway store, as determined by Hicks through his observation of surveillance videotape and review of case information, can also be helpful to the jury. Hicks may not, however, testify as to the ultimate issue of whether Defendant adhered to industry standards, whether Defendant breached its duty of care to Plaintiff, whether Defendant was a proximate cause of Plaintiff's injury, or otherwise specifically address the ultimate legal issue of Defendant's alleged negligence. *See, e.g., Hawn v. Speedway LLC*, No. 1:16-CV-359, 2018 WL 1896634, at *6 (N.D. Ind. Apr. 21, 2018). Hicks's findings go beyond the summary on page 5 of his expert report, and there is information within some of the challenged numbered paragraphs that is admissible, so the Court does not grant Defendant's request to specifically exclude certain paragraphs, but does agree that Hicks's testimony must be limited, and that he is precluded from testifying as to the ultimate legal issues of breach of duty and causation in this case.

### III. Conclusion

Accordingly, the Court hereby **GRANTS in part** Speedway's Motion to Exclude Testimony from Plaintiff's Expert H. Richard Hicks, P.E. [DE 26], as described herein.

SO ORDERED this 10th day October, 2019.

                                             s/ John E. Martin
                                             MAGISTRATE JUDGE JOHN E. MARTIN
                                             UNITED STATES DISTRICT COURT

cc:     All counsel of record