UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TAYELL LEFTRIDGE, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:18-CV-66-JEM |
| | ) | |
| SPEEDWAY LLC, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion in Limine [DE 39], filed October 9, 2019. No response has been filed and the time to do so has passed.

**I.**     **Analysis**

A motion in limine will be granted "only when evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993); *see also Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000). Most evidentiary rulings will be resolved at trial in context, and this "ruling is subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984). The Court considers each request in turn.

    A.     <u>Mere Accident Defense</u>

Plaintiff requests that the Court exclude any argument, testimony, or evidence that the occurrence in question was a "simple accident" or "mere accident." However, all of the cases he cites deal with jury instructions used in state court cases. *Baptist v. Ford Motor Co.*, No. 13 C 8974, 2018 WL 1519153, at *4 (N.D. Ill. Mar. 28, 2018) ("a federal court sitting in diversity must instruct a jury on the proper elements of a cause of action under the appropriate state substantive law, but

1

the court is not required to follow state 'pattern' instructions") (citing *Platis v. Stockwell*, 630 F.2d 1202, 1207 (7th Cir. 1980)). Plaintiff may raise any concerns with jury instructions at the appropriate time, but it is not apparent from the instant Motion what type of evidence or testimony Plaintiff seeks to have excluded from trial. Plaintiff is assured that Defendant will be barred from introducing evidence if its probative value is outweighed by the danger of prejudice. Fed. R. Evid. 401.

B. Prior Arrest

Plaintiff requests that any testimony, evidence, or argument regarding Plaintiff's past charges or convictions of crimes be excluded, absent a pre-trial showing of admissibility. The Court notes that Plaintiff refers only to the Indiana Rules of Evidence, which are not operable in this Federal Court, but agrees that evidence of prior criminal history or prior bad acts is generally excluded. *See* Fed. R. Evid. 404(b).

C. Mitigation of Damages

Plaintiff requests that Defendant be precluded from arguing that Plaintiff failed to mitigate his damages because Defendant has not produced expert testimony that Plaintiff's failure to mitigate was the cause of specific and increased injury. Defendant has made no objection to this request, and it is therefore granted.

D. Non-Party Defense

Plaintiff requests that the Court bar Defendant from presenting any non-party defense. The Court agrees that no non-party defense has been identified in Defendant's answer or otherwise raised, and Defendant is therefore precluded from presenting as a defense that another party is at fault.

E. Surveillance Video

Plaintiff moves for an order barring evidence of surveillance video, photographs, or statements of Plaintiff since none were disclosed in the course of discovery. Undisclosed information and witnesses will not be permitted. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

F. Separation of Witnesses

Plaintiff requests a separation of witnesses. Although a request for separation of witnesses is not properly brought as part of a motion in limine, pursuant to Federal Rule of Evidence 615, "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Accordingly, all non-party witnesses shall remain outside the courtroom during the course of the trial so that they cannot hear the testimony of other witnesses.

G. Motion in Limine

Plaintiff asks that the Court exclude all mention of the instant Motion or the instant Order, or otherwise infer that Plaintiff has moved to prohibit proof or that the Court has excluded proof of any particular manner, and Defendant has not objected. Accordingly, no reference shall be made to the jury regarding Plaintiff's motion in limine, its contents, or the instant ruling.

H. Insurance

Plaintiff moves for the exclusion of evidence, testimony, or argument regarding payment of Plaintiff's medical bills by an insurance carrier. There is no objection, and the Court precludes mention of Plaintiff's insurance.

**II.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion in Limine [DE 39] as described above.

Plaintiff is **REMINDED** that "[i]n a diversity case, a federal court applies federal procedural but state substantive law." *Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032, 1036 (7th Cir. 1998) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)).

So ORDERED this 31st day of October, 2019.

>   s/ John E. Martin
>   MAGISTRATE JUDGE JOHN E. MARTIN
>   UNITED STATES DISTRICT COURT

cc:     All counsel of record